UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| MIDWEST NEUROSURGEONS, LLC, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 1:19 CV 91 SNLJ |
| MICHAEL LEEK, | ) ) | |
| Defendant. | ) | |

## MEMORANDUM and ORDER

Plaintiff healthcare providers brings breach of contract claims against defendant Michael Leek for failure to pay for the medical services he received from the plaintiffs. Defendant Leek removed to this Court from state court based upon diversity jurisdiction. 28 U.S.C. § 1332. Plaintiffs moved to remand (#5).

"Subject matter jurisdiction asserted under 28 U.S.C. § 1332 requires an amount in controversy greater than $75,000 and complete diversity of citizenship among the litigants…." *Junk v. Terminix Intern. Co.*, 628 F.3d 439, 445 (8th Cir. 2010). The complaint in this matter seeks $34,427.62 in unpaid medical bills. Defendant removed to federal court citing the three "Notice for Lien" documents he received from the defendants for $3,228.00, $15,562.00, and $156,964.74. Defendant asserts that those three notices thus reflect that the amount in controversy is in fact well over the $75,000 jurisdictional threshold.

1

"Federal courts must strictly construe the amount in controversy requirement, as its underlying purpose is to limit the federal courts' diversity caseload." *Branch v. Wheaton Van Lines, Inc.*, 4:14-CV-01735-AGF, 2014 WL 6461372, at *2 (E.D. Mo. Nov. 17, 2014). "To meet its burden with regard to the jurisdictional amount, the removing party must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Id.* (citing 28 U.S.C. § 1446(c)(2)(B); *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009)).

Plaintiff argues that the lien notices do not suffice to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. The lien notices are dated (and plaintiff pleads that they were sent) on August 6, 2018, well before this matter was filed on February 28, 2019. The plaintiffs' petition does not purport to seek to enforce any liens that plaintiffs might have at one time claimed against defendant's workers' compensation claim. Rather, the petition is an action on account/contract for certain charges defendant incurred for medical treatment. That petition states the plaintiffs seek $34,427.62, and the petition attaches the statement of account for defendant which plaintiffs claim remains unpaid. The lien notices simply do not suffice to establish that the amount in controversy exceeds $75,000.

Because defendant cannot establish that the amount in controversy for this matter exceeds $75,000, the Court will remand this matter to state court.

Plaintiffs' request for costs and attorneys' fees, however, is denied.

Accordingly,

IT IS HEREBY ORDERED that plaintiff's motion to remand (#5) is GRANTED in part and DENIED in part.

Dated this  6th  day of September, 2019.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE